IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

MINUTE ENTRY/ORDER

| | |
|---|---|
| Bankruptcy Judge: | Eddward P. Ballinger, Jr. |
| Case Name: | Aldelfred Hyden and Rena Ann Hyden - Chapter 7 |
| Case Number: | 2:14-bk-06920-EPB |
| Adversary Name: | S. William Manera, Trustee v. AmeriCredit Financial Services, Inc. |
| Adversary Number: | 2:14-ap-00578-EPB |
| Subject of Matter: | Motion for Summary Judgment Re: Validity of Lien Perfection |
| Date Matter Ruled Upon: | April 28, 2015 |

Before the Court are competing motions for summary judgment filed by the Chapter 7 trustee and creditor AmeriCredit Financial Services, Inc., dba GM Financial of Arizona ("GM"). Oral argument was heard on April 15, 2015, at which time the Court granted summary judgment for defendant and requested that GM lodge a form of order. After further consideration, the Court believes it would be helpful for the parties to have findings of fact and conclusions of law as part of the record.

The parties stipulated to the following facts. On February 14, 2014, debtors purchased a 2013 Chevrolet Impala from Webb Automotive Group, Inc. Defendant GM financed the

1

purchase. The parties executed a Title and Registration Application ("Title Application"). To perfect its security interest in the Impala, GM mailed the Title Application to the Arizona Motor Vehicle Department ("MVD") located in Chinle, Arizona, on March 6, 2014. MVD logged receipt of the application on March 11, 2014, but did not process and endorse it until March 20, 2014.

On May 8, 2014, debtors filed their petition for relief under Chapter 7 of the Bankruptcy Code. The trustee then filed this adversary proceeding seeking to recover debtors' post-petition payments to GM and avoid GM's lien pursuant to 11 U.S.C. §§ 541, 542 and 547(b). The sole question presented is whether GM's lien interest in the Impala was perfected on March 11th when the Title Application was received and logged by MVD or March 20th when it was processed and endorsed by MVD. The latter date must be found the appropriate one for the trustee to prevail. If the earlier date applies, 11 U.S.C. § 546(b) will bar his lien avoidance efforts.

The law applicable to determining when a purchase money security interest in a vehicle is properly perfected was recently summarized by Chief Judge Collins in *In re Lloyd,* 511 B.R. 657 (Bankr. D. Ariz. 2014). The cases discussed in *Lloyd* establish that the security interest's perfection date is governed by A.R.S. § 28-2133.[1] Until 2013, this statute read, in pertinent part, as follows:

> B. . . . If the documents referred to in this article are *received and filed* in a registering office of the department within thirty business days after the date of their execution, the constructive notice dates from the time of execution. Otherwise, the notice dates from the time of receipt and filing of the documents by the department as shown by its endorsement.

2011 Ariz. Legis. Serv. Ch. 101, § 1, eff. April 13, 2011 (emphasis added)**.** This prior version of § 28-2133(B) was applied in a situation similar to the one before this Court in *In re Anderson*,

---

[1] The parties agree that Arizona law governs the perfection issue. *See In re North*, 310 B.R. 152, 158 (Bankr. D. Ariz. 2004) (holding that the perfection law of the state whose certificate of title covers the vehicle applies).

2

Case 2:14-ap-00578-EPB    Doc 27    Filed 04/28/15    Entered 04/29/15 07:59:57    Desc
Main Document    Page 2 of 5

2007 WL 1839699 (D. Ariz. 2007). In *Anderson*, debtor granted a security interest to Drive Time Automotive Group, Inc., as part of financing the purchase of a Chevrolet Cavalier on September 17, 2005. Due to unforeseen problems, MVD effectively rejected the initial title application submitted September 27, 2005, but accepted a second one delivered October 13, 2005. More important, MVD did not endorse the second title application reflecting the lien until October 19, 2005, which was unfortunate because debtor filed for Chapter 7 Bankruptcy relief five days earlier on October 14, 2005. As in this case, the trustee moved to avoid the lien based upon a claim of untimely perfection. The Bankruptcy Court granted summary judgment to the trustee and the (formerly) secured creditor appealed.

The parties' arguments to the district court were straightforward. The trustee relied on the language of § 28-2133(B) to support his claim that the creditor's interest was not perfected until five days after debtor filed her petition because the statute's retroactive lien perfection status is only afforded to those applications both "received *and filed*" within ten days of document execution.[2] *Id.* at *2 (emphasis added). The creditor urged the court to find that 11 U.S.C. § 546(b)(1) prevented the trustee from exercising his strong-arm powers to avoid the lien. The district court rejected that argument based upon the clear language of the then-existing version of subsection (B) of §28-2133:

> A.R.S. § 28–2133(B) does provide that perfection dates back to execution of the security agreements "if the documents referred in this article are received and filed in a registering office of the department [of motor vehicles] within ten days after the date of their execution. . . . " That portion of the statute, however, must be read in conjunction with the next sentence, "Otherwise, the notice dates from the time of receipt and filing of the documents by the department *as shown by its endorsement.*" A.R.S. § 28–2133(B) (emphasis added). DT would have the Court read the word "filing" out of the former sentence. It is not sufficient that

---

[2] As part of its review, the district court recognized that A.R.S. § 28–2133(B) grants a retroactive priority interest and provides constructive notice to creditors of a perfected security interest, but held that this benefit will not arise absent strict compliance with titling requirements, even if strict compliance causes harsh results. *Id*. at *2.

3

> the MVD receive the application, it must also file it . . . [and] filing occurs when
> the MVD endorses the application.

*Id*. at *4. Based upon the clear statutory mandate of the language quoted above, the district court held that a title application is provided retroactive perfection only if it was both received and endorsed within ten days of execution.

This Court would view the *Anderson* decision as binding precedent except for the fact that the applicable statute has changed. In 2013, the following language contained in subsection (B) of § 28-2133 was amended as follows:

> If the documents referred to in this article are ~~received and filed~~ ~~in~~ **delivered to** a registering office **or an authorized third party provider** of the department within **thirty** ~~business~~ days after the date of their execution, the constructive notice dates from the time of execution. Otherwise, the notice dates from the time of receipt and filing of the documents by the department as shown by its endorsement.

2013 Ariz. Legis. Serv. Ch. 206 (H.B. 2180)(deletions stricken through; additions in bold). Although the relevant facts in this case are almost identical to those in *Anderson*, its reasoning, when applied to the current version of the applicable statute, dictates an opposite result. In *Anderson,* the court logically found that the trustee prevailed and the creditor was not granted retroactive priority because the statute required both receipt and filing (the latter act occurring by way of endorsement) of the application within the mandated time period, which did not happen. But, since its amendment, the statute only requires that GM have its application timely received by MVD.

It is important to note in *Anderson* that the creditor's interpretation of the statute was rejected because it would require the court to ignore the last sentence of subsection (B). In this case, to adopt the trustee's argument would require this Court to ignore a substantial statutory amendment -- one that significantly lessons the burden placed on those seeking title

4

encumbrances.  Accepting the trustee's position would require the Court to abrogate the recent amendment by concluding that the current statute, just like the former one, requires that applicants both deliver their applications to MVD and ensure that MVD endorses the materials before expiration of the applicable grace period.  The statute does not impose such a requirement.  It provides that a creditor must either complete timely delivery of its application to MVD or have the priority date of its lien governed by MVD's endorsement date.

Two points should be made clear.  First, the ruling in this case is very narrow.  It is not that in every instance the mere filing of a title application within thirty days of execution of a security instrument will automatically entitle the secured party to retroactive perfection.  It is that when there is no legitimate, material dispute that MVD received a non-defective title application within thirty days of execution of the document creating the security interest referenced in an application, the applicant is entitled to the retroactive constructive notice granted by A.R.S. § 28-2133(B).  Second, while no perfection scheme is perfect, any potential problems created by this Court's interpretation of § 28-2133(B) can be eliminated by MVD simply complying with the application endorsement mandate set forth in A.R.S. § 28-2132(C), which generally requires that, ". . . on receipt of the application . . . , the department shall endorse on the application the date and hour it was received at the registering office of the department."

In accordance with the foregoing,

IT IS ORDERED granting GM's motion for summary judgment with respect to the trustee's request to avoid its lien.  Counsel for GM shall submit a form of order consistent with this ruling.